**Order filed January 6, 2015.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-14-00654-CR
_____

**CHAD SMALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1383973**

## ORDER

Appellant is not represented by counsel on appeal. This court is unaware whether appellant is entitled to appointment of counsel and to proceed without the payment of costs.

In addition, the certification of the defendant's right of appeal appears to be incorrect. The certification states this "is a plea-bargain case, and the defendant has no right of appeal." The judgment reflects that this is not a plea bargain case.

Accordingly, we enter the following order.

We ORDER the judge of the 263rd District Court to immediately conduct a hearing at which appellant and counsel for the State shall be present to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is indigent and, thus entitled to appointed counsel. The judge shall appoint appellate counsel for appellant, if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court within 30 days of the date of this order.

In addition, we ask that the trial court review the record, and, if necessary, correct the certification of the defendant's right of appeal, request the trial court clerk to prepare and certify a supplemental clerk's record containing the corrected certification, and file the supplemental clerk's record with this court within 30 days of the date of this notice.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

2